UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Robin Michelle Warfel, | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Lincoln Life Assurance Company of Boston, | |
| Defendant. | |

---

Comes now the Plaintiff, and for her cause of action against the Defendant, states and alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred under 29 U.S.C. § 1132(e) as Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq.

## PARTIES

2. Plaintiff is a Minnesota resident.

3. Defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), is an insurance company that is licensed to do business in the State of Minnesota.

## FACTS

4. At all times material herein the Plaintiff was employed as an Assistant Professor at The College of St. Scholastica ("St. Scholastica").

1

5.     St. Scholastica maintained an employee benefit plan and Plaintiff was a participant in that plan for long-term disability.

6.     St. Scholastica's long-term disability plan underwrote and funded its liabilities under the long-term disability (LTD) plan with a policy of insurance underwritten and provided by Lincoln.

7.     Defendant Lincoln is a fiduciary under the Plan.

8.     That as a result of various physical disabilities the Plaintiff qualified for disability benefits under the LTD Plan and Lincoln's policy and continues to be disabled, and as such Plaintiff is also entitled to a waiver of premium payments under the policy.

9.     Plaintiff properly made claims for benefits under the Defendant's policy, and Lincoln paid her LTD benefits from April 15, 2019 through March 16, 2021.  However, Plaintiff then received a denial letter from Lincoln dated March 30, 2021, stating that no additional LTD benefits would be paid.  After Plaintiff submitted an Administrative Appeal to Lincoln she received another denial letter from Lincoln dated December 21, 2021 at which time she had exhausted her administrative remedies.  Plaintiff's claim for ongoing Waiver of Premium benefits was denied on April 27, 2021 and again on December 22, 2021.

10.    The decision to deny the LTD benefits and Waiver of Premium is in violation of the Plan, a violation of ERISA, and a violation of the fiduciary duties owed by the Defendant to the Plaintiff.

11.    That as a direct and proximate result of the Defendant's actions, Plaintiff has sustained damages based on benefits due under the Plan.

12. That as a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees and, under the terms of ERISA, is entitled to be reimbursed by the Defendant for said fees and costs.

**WHEREFORE**, Plaintiff requests judgment against the Defendant granting her the following relief:

1. Ordering Defendant to pay Plaintiff all benefits due under the LTD Plan.

2. Awarding Plaintiff prejudgment interest on the amount of benefits due.

3. Ordering Defendant to waive all premium payments under the LTD policy.

4. Awarding Plaintiff costs and attorney's fees incurred in bringing this proceeding.

5. Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated:   August 5, 2022             **NOLAN, THOMPSON, LEIGHTON**
                                    **& TATARYN, PLC**


                                    By: s/Robert J. Leighton, Jr.
                                        Robert J. Leighton, Jr. (#220735)
                                        Denise Y. Tataryn (#179127)
                                        Attorneys for Plaintiff
                                        1011 1st Street South, Suite 410
                                        Hopkins, MN 55343
                                        Phone: 952-405-7171
                                        Email:   rleighton@nmtlaw.com
                                        Email:   dtataryn@nmtlaw.com

## **ACKNOWLEDGMENT**

  The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211, subd. 2, if this pleading is filed in bad faith.

               s/Robert J. Leighton, Jr.